UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| GREGORY B. MYERS,<br><br>        Plaintiff,<br><br>   v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA, *et al.*,<br><br>        Defendants. | Civil No. 1:19-cv-00061-AJT-MSN |

## <u>REPORT AND RECOMMENDATION</u>

This matter comes before the Court on plaintiff's Motion for Leave to File First Amended Complaint and Demand for Trial by Jury (Dkt. No. 23). Plaintiff seeks leave to file an amended complaint to "clarify his allegations." *Id.* at 4. Defendants filed an opposition to plaintiff's motion (Dkt. No. 37), to which plaintiff filed a reply (Dkt. No. 40). For the reasons that follow, the undersigned recommends that plaintiff's motion be denied.

On January 17, 2018, plaintiff, *pro se*, filed a Complaint in the Circuit Court for Fairfax County alleging four causes of action arising from his disability insurance policy (Dkt. No. 1-1). Defendants removed this matter to federal court on January 16, 2019 (Dkt. No. 1). The following day, the Court issued a Scheduling Order setting the discovery deadline on June 14, 2019, and the Final Pretrial Conference on June 20, 2019 (Dkt. No. 2). On February 8 and 11, 2019, plaintiff's counsel made appearances in this action (Dkt. Nos. 5, 7). On February 13, 2019, the parties filed a Joint Discovery Plan (Dkt. No. 9), which was entered the next day (Dkt. No. 10). In relevant part, the Rule 16(b) Scheduling Order states that "[a]ny motion to amend the pleadings . . . must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion." *See* Rule 16(b) Order (Dkt. No. 10) 2.

On June 14, 2019, the final day of discovery, plaintiff filed the instant motion seeking leave to file an Amended Complaint. Pl. Mtn. (Dkt. No. 23) 4. In response, defendants argue that plaintiff's motion should be denied because such amendment would be prejudicial to defendants by derailing their motion for partial summary judgment, significantly increasing the type and amount of damages, and/or asserting a new cause of action for bad faith. *See* Def. Opp'n (Dkt. No. 37) 2. For the reasons that follow, the undersigned recommends denying plaintiff's motion because of undue delay and prejudice to defendants.

A plaintiff may amend his complaint as a matter of course before the defendant files a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Once the defendant files a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). The federal rules state that courts "should freely give leave when justice so requires." *Id.* "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted). The Fourth Circuit has interpreted the federal rules to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 426-27 (internal citations omitted).

At the outset, plaintiff has provided no explanation for his delay in seeking to amend the complaint. Plaintiff retained counsel in February, but waited until June 14, 2019, after discovery had closed and after defendants had moved for partial summary judgment, to file this motion. Plaintiff asserts that he merely seeks to "clarify his allegations," Pl. Br. (Dkt. No. 23) 4, but that is not entirely clear. Although the Court's Rule 16(b) Scheduling Order required plaintiff to file such amendments "as soon as possible," plaintiff has not adequately explained why this motion could not have been filed during the discovery period. The Fourth Circuit has found such conduct in

similar circumstances to be undue delay. *See, e.g.*, *Naden v. Saga Software, Inc.*, 11 Fed. Appx. 381, 382-83 (4th Cir. 2001) (finding undue delay because plaintiff's "motion was filed four months after the Scheduling Order's deadline for amendment of pleadings without explanation").

Additionally, defendants argue that plaintiff's delay is prejudicial to them in two respects. First, plaintiff's amended complaint could change the nature or amount of the damages that plaintiff seeks. Def. Opp'n (Dkt. No. 37) 7. Plaintiff initially sought damages in the form of benefits payable pursuant to the insurance policy, but now seeks to add to each count the claim that he has "been materially harmed" by defendants' breach of the policy. *Id.* at 7-8; *see also* Amend. Compl. (Dkt. No. 23-1) ¶¶ 14, 20, 27, 35. Defendants argue that plaintiff may now seek to develop a brand new computation of damages not previously disclosed during discovery. Def. Opp'n (Dkt. No. 37) 8. In response, plaintiff states that he timely put defendants "on notice that he is seeking consequential and other damages beyond the lost payouts" and that defendants have conducted discovery on that topic. Pl. Reply (Dkt. No. 40) 2. Second, defendants argue that it is unclear as to whether plaintiff is seeking a new "bad faith" cause of action, separate and apart from his current claim under Va. Code § 38.2-209. Def. Opp'n (Dkt. No. 37) 10. In plaintiff's proposed amended complaint, he removes the citation to the Virginia Code and, instead, asserts that defendants' denial of coverage under the insurance policy constitutes bad faith. *See, e.g.*, Amend. Compl. (Dkt. No. 23-1) ¶ 35. In response, plaintiff argues that defendants' argument lacks merit because they have been defending themselves against bad faith assertions throughout the case. Pl. Reply (Dkt. No. 40) 3.

The undersigned finds that plaintiff's amendments with respect to his calculation of damages and bad faith claim are prejudicial to defendants because such amendments may increase the amount of damages and/or assert a new cause of action. Discovery is closed, and the trial date has been set. Plaintiff has asserted that the proposed amendments would not "significantly alter or

increase the damages claimed by Mr. Myers," Pl. Reply (Dkt. No. 40) 2, which clearly reflects that plaintiff has, in fact, altered or increased his damages claim. Plaintiff's view of how "significantly" the damages have been altered or increased is a subject with which defendants may well disagree. Defendants would be prejudiced by this proposed amendment. The Fourth Circuit has "previously held that undue delay 'accompanied by futility or prejudice to the non-movant' is 'a sufficient reason' for denying leave to amend under Rule 15(a)." *Naden*, 11 Fed. Appx. At 382 (internal citations omitted). Accordingly, based on a review of the pleadings, the undersigned recommends that plaintiff's Motion for Leave to File First Amended Complaint and Demand for Trial by Jury (Dkt. No. 23) be DENIED.

By means of the Court's electronic filing system, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
_____
Michael S. Nachmanoff
United States Magistrate Judge

July 9, 2019
Alexandria, Virginia